We are unable to see how the addition of these other boats, obviously not intended to be used on the premises, and whose use will extend into the ocean outside the states of Oregon and Washington, changes in any way our construction of provision 3.

As to provision 4, it is amended to strike out the place of the use of the seventeen saddle horses as at or near Garden Home, Or. It thus extended the use of these horses over the whole of the states of Oregon and Washington.

We are unable to see how this extension of the use to the area of both states changes our interpretation of the policy as including other activities of a camping nature, such as "the use of the truck by the injured Boy Scout in receiving from him and the other Boy Scouts the camping outfit and carrying him and the outfit to the place where the camp was to be pitched."

Petition denied.

## OCCIDENTAL INDEMNITY CO. v. SCOTT.
### No. 8091.

Circuit Court of Appeals, Ninth Circuit.

Oct. 11, 1937.

For former opinion, see 91 F.(2d) 596.

Wilbur, Beckett, Howell & Oppenheimer and Calvin N. Souther, all of Portland, Or., for appellant.

Angell & Fisher and Homer D. Angell, all of Portland, Or., for appellee.

Before GARRECHT, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

The petition for rehearing points out that the provisions 3 and 4, construed in the original opinion, were modified in a subsequent rider.

As modified, provision 3 covers ten navy type whaleboats, instead of six, and, for an added premium, covers four cutter type boats and two dinghy type boats, a lifeboat, and one inboard motor dory, proximately twenty feet in length, with a rated speed less than fifteen miles per hour.